JS 44  (Rev 06/17)      *CMR*          **CIVIL COVER SHEET**          *19-cv-4758*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

## I. (a) PLAINTIFFS

Terrence Lowery

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U S PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq , Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

## DEFENDANTS

Joseph Soster General Contractor, LLC d/b/a Waterproofing One, and Joseph Soster

County of Residence of First Listed Defendant   Montgomery
*(IN U S PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U S Government
      Plaintiff

☒ 3  Federal Question
      *(U S Government Not a Party)*

☐ 2  U S Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS - Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 U S C § 201, et seq., 43 P.S § 333 100, et seq.

Brief description of cause
Unpaid compensation and overtime compensation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint

JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE  10/14/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

OCT 15 2019

# CMR

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# 19  4758

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 625 Dekalb Street, 2nd Floor, Bridgeport, PA 19405 _____

Address of Defendant: _____ 4093 Hollow Road, Phoenixville, PA 19460 _____

Place of Accident, Incident or Transaction: _____ 4093 Hollow Road, Phoenixville, PA 19460 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 10/14/19

Attorney-at-Law / Pro Se Plaintiff

91262
Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☑ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Michael Murphy _____, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE 10/14/19

Attorney-at-Law / Pro Se Plaintiff

91262
Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

OCT 15 2019



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Terrence Lowery               :          CIVIL ACTION
           v.                   :        **19**    **4758**

Joseph Soster General Contractor, LLC   :
d/b/a Waterproofing One; and Joseph Soster   :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x)

| 10/14/19 | Michael Murphy, Esq. | Terrence Lowery |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 273-1054 | (215) 525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 15 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------

TERRENCE LOWERY                          :

                Plaintiff,     :

                            :     Civil Action No.: _____

        v.                       :

                            :     **JURY TRIAL DEMANDED**

JOSEPH SOSTER GENERAL                    :
CONTRACTOR, LLC d/b/a                     :
WATERPROOFING ONE; and                   :
                            :

JOSEPH SOSTER                            :

                            :

                Defendants.    :

-----------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff Terrence Lowery ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against Joseph Soster General Contractor, LLC d/b/a Waterproofing One, and Joseph Soster as owner and president of the aforementioned limited liability companies (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this Complaint contending that Defendants improperly failed to pay compensation and overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*.

2.    Plaintiff is a former employee of Defendants where he worked in the position of Office Manager. During the course of his employment, Plaintiff was misclassified as an independent contractor and also regularly worked more than forty (40) hours per week, but was not properly compensated for his work and/or was not paid overtime compensation as required by the FLSA/PMWA.

3.     As a result of Defendants' improper and willful misclassification and failure to pay Plaintiff in accordance with the requirements of the FLSA/PMWA, Plaintiff has suffered damages.

4.     Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims. See 28 U.S.C. § 1367(a).

7.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendants principal place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## PARTIES

8.     Plaintiff Terrence Lowery is a citizen of Pennsylvania and the United States with a current address of 625 Dekalb Street, 2nd Floor, Bridgeport, PA 19405.

9.     Defendant Joseph Soster General Contractor, LLC d/b/a Waterproofing One is a for-profit business organized and operating under the laws of the Commonwealth of Pennsylvania, with a registered office at 4093 Hollow Road, Phoenixville, PA 19460.

10.     Defendant Joseph Soster is the president and owner of the business identified in Paragraph 9, and resides at 4093 Hollow Road, Phoenixville, PA 19460. Joseph Soster has directed

2

employment practices and has directly or indirectly acted in the interest of Joseph Soster General Contractor, LLC d/b/a Waterproofing One in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing payroll, and supervising employees day-to-day.

## FACTUAL BACKGROUND

11.      Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12.      In or around February 2017, Defendants hired Plaintiff in the position of Office Manager.

13.      During his employment with Defendants, Plaintiff performed his job well, receiving no justifiable discipline, and occasional praise for his work.

14.      At all times material hereto, Plaintiff was paid an hourly rate and was not paid on a bona fide salary basis and/or fee basis.

15.      At all times material hereto, Plaintiff was an employee of Defendants.

16.      Defendants substantially controlled the manner Plaintiff was expected to adhere with respect to performing the necessary functions of his job.

17.      Defendants provided Plaintiff with the tools and/or equipment to perform the necessary functions of his job. Specifically, Defendants provided Plaintiff with a work computer and work cell phone to perform work on behalf of Defendants outside regular business hours.

18.      Plaintiff's employment with Defendants was indefinite, with no foreseeable expiration of the working relationship.

3

19.     Plaintiff's employment was integral to Defendants business, in that it directly impacted Defendants ability to generate income.

20.     Defendants promulgated work rules, policies and procedures that applied to Plaintiff, and Defendants had the authority to discipline Plaintiff for any violation thereof.

21.     Defendants recorded and maintained records of the work Plaintiff performed at its place of business located at 4093 Hollow Road, Phoenixville, PA 19460.

22.     Defendants supervised Plaintiff's work, set Plaintiff's schedule, and determined the hours that Plaintiff worked. Specifically, Defendants scheduled Plaintiff to remain "on-call" on weekends.

23.     Defendants had the authority to terminate their working relationship with Plaintiff at any time.

24.     Defendants provided Plaintiff with one (1) week of paid vacation time.

25.     Accordingly, Defendants misclassified Plaintiff as an independent contractor when Plaintiff was an employee of Defendants.

26.     At the outset of his employment, Plaintiff routinely worked over forty (40) hours per week. Specifically, Plaintiff routinely worked seventy-eight (78) hours per week.

27.     However, Plaintiff did not receive overtime compensation at 1.5 times his regular rate of pay for the hours worked in excess of forty (40) in a workweek. Rather, Plaintiff was compensated at his regular rate of pay (i.e., "straight time") for fifty (50) hours per week.

28.     Indeed, Defendants did not compensate Plaintiff for compensable work performed above fifty (50) hours in a workweek. A such, Plaintiff was not paid at 1.5 times his regular rate of pay for the approximately twenty-eight (28) hours worked over fifty (50) in a workweek.

4

29.     Plaintiff did not receive overtime compensation at 1.5 times his regular rate of pay for the thirty-eight (38) hours worked in excess of forty (40) hours in a workweek.

30.     From on or around February 2017 to on or about May 10, 2019, Plaintiff was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

31.     By way of example, during the workweek of March 23, 2019, Plaintiff worked seventy-eight (78) hours, but did not receive any overtime compensation for the approximately thirty-eight (38) hours of overtime he worked that workweek.

32.     Plaintiff worked fifty (50) hours per workweek in Defendants office, working ten (10) hour shifts Monday through Friday. Additionally, Plaintiff worked approximately four (4) hours per day, Monday through Friday, from home. Thus, Plaintiff routinely worked sixty (60) hours Monday through Friday.

33.     Further, Defendants scheduled Plaintiff to remain "on-call" during weekends, Saturdays and Sundays. Typically, Plaintiff would spend approximately four (4) hours each day, Saturday and Sunday, performing compensable work including, but not limited to, answering phone calls, sending emails, and providing updates to Defendants' clients.

34.     Upon information and belief, Joseph Soster ("Mr. Soster") is the president and owner of Joseph Soster General Contractor, LLC d/b/a Waterproofing One.

35.     Upon information and belief, Defendants failed to supply information via posters and/or handbook(s) regarding overtime compensation.

36.     Upon information and belief, Defendants did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

5

37.     The above-referenced behavior evidences the willfulness of Defendants' violations of the FLSA and PMWA.

38.     In violation of the FLSA and PMWA, Defendants unlawfully failed to track, record, and report all the hours worked by Plaintiff.

39.     Plaintiff is non-exempt within the meaning of the FLSA/PMWA as he was compensated on an hourly basis. Because Plaintiff was paid hourly, he did not qualify for the executive, administrative, and/or learned professional exemptions under the FLSA/PMWA. All require Plaintiff be paid on a bona fide salary basis or fee basis. See 29 CFR §§ 541.100, 541.200.

40.     Plaintiff does not qualify for the exemption for executive employees under the FLSA/PMWA. Plaintiff was not compensated on a bona fide salary basis. Rather, Plaintiff was compensated on an hourly basis at all times relevant hereto.

41.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

42.     Plaintiff does not qualify for the exemption for administrative employees under the FLSA/PMWA. Plaintiff was not compensated on a bona fide salary basis and/or fee basis. Rather, Plaintiff was compensated on an hourly basis at all times relevant hereto.

43.     Additionally, Plaintiff does not meet the duties test for the administrative exemption under the FLSA/PMWA. Plaintiff primarily performed labor clerical in nature, including, but not limited to, answering telephone calls, making telephone calls, and responding to emails.

44.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

6

45.     Additionally, Plaintiff did not perform work requiring advance knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff's job duties did not require the consistent exercise of discretion and judgement, as distinguished from performance of routine mental, manual, and mechanical work.

46.     Additionally, Plaintiff was not compensated on a bona fide salary basis and/or fee basis. Rather, Plaintiff was compensated on an hourly basis at all times relevant hereto.

47.     Accordingly, at all times relevant hereto, Plaintiff was a "non-exempt" employee under the FLSA/PMWA, and entitled to receive overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in a workweek.

48.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

49.     As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

50.     Paragraphs 1 through 49 are hereby incorporated by reference as though the same were fully set forth at length herein.

51.     Pursuant to Section 206 of the FLSA, all employees must be compensated for every hour worked in a workweek.

52.     Moreover, Section 207(a) of the FLSA states that an employee must be paid overtime, equal to 1.5 times his or her regular rate of pay, for all hours worked in excess of forty (40) hours per week.

53.     According to the policies and practices of Defendants, Plaintiff has worked in excess of forty (40) hours per week. Despite working in excess of forty (40) hours per week,

7

Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. Defendants failed to pay Plaintiff at a rate of at least 1.5 times his regular rate of pay for each hour Plaintiff worked in excess of forty (40) hours in a workweek.

54.     The foregoing actions of Defendants and the policies and practices of Defendants violated the FLSA.

55.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

56.     Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A.     Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

B.     Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime pay to Plaintiff for the work performed in excess of forty (40) hours per week;

C.     Awarding Plaintiff's back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

F.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

G.     All additional general and equitable relief Plaintiff may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333.101, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

57.     Paragraphs 1 through 56 are hereby incorporated by reference as though the same were fully set forth at length herein.

58.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.104.

59.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.104.

60.     By is actions alleged above, Defendants violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

61.     As a result of Defendants' unlawful acts, Plaintiff has been deprived overtime compensation in amounts to be determined at trial, and is entitled to the recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff prays for the following relief:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the PMWA; and

C.     An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such relief as this Court may deem just and proper.

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By: _____
Michael Murphy, Esq.
Edmund C. Celiesius, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
ec@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: 10|14|19

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.